CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/8/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| SHANE R. BRAMLETT,<br><br>                                          *Plaintiff*,<br>v.<br><br>BLUE RIDGE PAWN, LCC AND PETER T. SIMOPOULOS,<br><br>                                        *Defendants.* | CASE NO. 6:18-cv-00023<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

In this unpaid overtime case under the Fair Labor Standards Act, the defendants ("the pawn shop") moved to dismiss for lack of jurisdiction. The motion presents a factual challenge to jurisdiction. *See 24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (permitting consideration of facts outside the complaint in such circumstances). The pawn shop submitted an affidavit from its owner stating that its annual gross sales were less than $200,000 during the relevant time period. From that, the pawn shop contends that it is beyond the FLSA's reach, because it must be "engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 207(a)(1), meaning it must have an "annual gross volume of sales . . . not less than $500,000." *Id.* § 203(s)(1)(A)(ii). The pawn shop further asserts that this $500,000-annual-sales precondition goes to jurisdiction rather than the merits, citing *Ergashov v. Glob. Dynamic Trans., LLC*, 680 F. App'x 161, 163 (4th Cir. 2017).[1]

The pawn shop's argument ignores the statutory text. The $500,000 annual sales requirement (known as "enterprise coverage") is not the only way an employer falls within the FLSA's scope. The statute is worded in the disjunctive to include "individual coverage":

---

[1] The plaintiff disputes that the precondition is jurisdictional rather than substantive. Because the distinction makes no difference to the resolution of this motion, the Court assumes without deciding that the precondition is jurisdictional.

> [N]o employer shall employ any of his employees who [1] *in any workweek is engaged in commerce or in the production of goods for commerce*, or [2] is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (emphasis added). The plaintiff's response brief pointed out this omission. The pawn shop made no effort to address the deficiency in its reply, despite having cited to a case, *Ergashov*, that discussed the alternative ways of satisfying the FLSA. In any event, it's apparent that, on the present record, the plaintiff satisfies the individual coverage clause of § 207(a)(1). "[C]overage under the FLSA is construed liberally to apply to the furthest reaches consistent with congressional direction." *U.S. Dep't of Labor v. N.C. Growers Ass'n*, 377 F.3d 345, 350 (4th Cir. 2004). In both his complaint and affidavit, the plaintiff states that he regularly bought and sold merchandise over the Internet from and to States outside the Commonwealth of Virginia. This is enough to show that he "engaged in commerce" during a workweek.[2] The motion to dismiss thus will be denied. The Clerk shall send a copy of this opinion to counsel.

Entered this __8th__ day of March, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] *See* 29 C.F.R. § 776.10(b) (finding individual coverage applies to employees "whose activities are connected with the receipt or distribution of goods across State lines," or "whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines," such as to place "orders for goods or services"); *id.* § 776.9 (employees are "engaged in commerce" when "doing work involving or related to the movement of persons or things" between States); Opinion Letter Fair Labor Standards Act (FLSA), 1999 WL 1002373, at *1 (Mar. 5, 1999) ("Such employees include those who regularly handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources."); *Wirtz v. Wardlaw*, 339 F.2d 785, 787 (4th Cir. 1964); *Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005); *Foster v. Gold & Silver Private Club, Inc.*, No. 7:14CV00698, 2015 WL 8489998, at *6 (W.D. Va. Dec. 9, 2015); *Shelton v. Inn at Trivium*, No. 6:08CV00040, 2009 WL 1255465, at *2 (W.D. Va. May 6, 2009).